**Opinion issued July 20, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00273-CV

————————————

## V & V INDUSTRIES, INC., Appellant

## V.

## D & S PRECISION WORK, INC., Appellee

On Appeal from the 61st District Court
Harris County, Texas
Trial Court Case No. 2016-28854

## MEMORANDUM OPINION

Appellant, V & V Industries, Inc., filed a notice of appeal from the trial court's February 25, 2021 final judgment. On September 23, 2021, appellant filed a motion to abate the appeal, stating that the parties had reached an agreement to settle their dispute, and requesting that the appeal be abated for a period of three months to

allow appellant and appellee, D & S Precision Work, Inc. to perform the terms of their agreement. On September 30, 2021, the Court granted appellant's motion, abating the appeal.

In the Court's September 30, 2021 order, the parties were directed to file a motion to reinstate and dismiss the appeal, or motion to reinstate and proceed with the appeal, within ninety days of the date of the order. However, the parties failed to file any motion in response to the Court's September 30, 2021 order. Accordingly, on June 27, 2023, the Court issued an order of continuing abatement directing the parties to file, within ten days of the date of the order, a motion to reinstate and dismiss the appeal, or otherwise advise the Court on the status of the proceedings. The parties were further notified that the failure to respond to the Court's June 27, 2023 order would result in dismissal of the appeal. *See* TEX. R. APP. P. 42.3(c) (allowing dismissal of civil appeal where "appellant has failed to comply with . . . a court order").

On July 6, 2023, appellee filed a "Notice of Voluntary Dismissal Pursuant to [Federal Rule of Civil Procedure] 41(a)(1)(A)(i)." In its notice, appellee notified the Court that "the above-captioned action [was] voluntarily dismissed against [appellant] V & V Industries[,] Inc." Appellee's notice does not seek any relief from this Court. However, assuming the Court were to construe appellee's notice as a motion to dismiss the appeal, appellee's notice does not include a certificate of

conference representing that appellee conferred with appellant, or that appellant is unopposed to dismissal of the appeal. *See* TEX. R. APP. P. 10.1(a)(5). Appellee's notice also does not provide the Court with a basis to dismiss the appeal pursuant to the Texas Rule of Appellate Procedure 42.1, which governs the voluntary dismissal of appeals, because it was not filed by appellant or by agreement of the parties. *See* TEX. R. APP. P. 42.1(a). No other party responded to the Court's June 27, 2023 order.

We therefore conclude that the parties have not adequately responded to the Court's June 27, 2023 order, and the appeal should be dismissed for failure to comply with an order of this Court. *See* TEX. R. APP. P. 42.3(c).

Accordingly, the Court reinstates the case to the Court's active docket and dismisses the appeal for failure to comply with the Court's June 27, 2023 order. *See* TEX. R. APP. P. 42.3(c), 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.